CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 19 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEVIN WAYNE BERGLOWE, | )<br>) |
| Petitioner, | )<br>) Civil Action No. 7:05-CV-00069 |
| v. | )<br>) **MEMORANDUM OPINION**<br>) |
| DIRECTOR OF VDOC, | ) By: Glen E. Conrad |
| Respondent. | ) United States District Judge<br>)<br>) |

Petitioner Kevin Wayne Berglowe, a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Berglowe challenges the validity of his 2001 conviction in the Circuit Court for Buchanan County. The respondent has filed a motion to dismiss to which the petitioner has responded, making the petition ripe for the court's consideration. Upon review of the record, the court concludes that Berglowe has failed to fully exhaust his state court remedies. Therefore, the court will dismiss his petition without prejudice.

## Procedural History

On April 26, 2001, a jury in the Circuit Court for Buchanan County convicted Berglowe of distributing Oxycontin. The court sentenced Berglowe to seven years in prison. Berglowe appealed his conviction to the Court of Appeals of Virginia. Berglowe's petition for appeal was denied on April 17, 2002. Berglowe's appellate counsel apparently failed to inform Berglowe of this decision. Appellate counsel also did not request review by a three-judge panel of the Court of Appeals or file a petition for appeal to the Supreme Court of Virginia.

On January 7, 2003, Berglowe filed a petition for writ of habeas corpus in the Supreme Court of Virginia. Berglowe alleged, in part, that he was denied effective assistance of counsel because his appellate counsel did not request a three-judge panel of the Court of Appeals to review the denial of his appeal. On October 1, 2003, the Supreme Court granted Berglowe leave to seek review by a three-judge panel of the Court of Appeals and dismissed Berglowe's remaining claims without prejudice. Berglowe filed a request for review on January 23, 2004, and on March 30, 2004, a three-judge panel denied his petition for appeal. Berglowe did not file a second-tier petition for appeal to the Supreme Court of Virginia.

Berglowe filed a second petition for writ of habeas corpus in the Supreme Court of Virginia on June 10, 2004, in which he raised all of his present claims, including a claim that his counsel was ineffective for not filing a second-tier petition for appeal to that Court. On March 8, 2005, the Supreme Court granted Berglowe leave to file a delayed second-tier petition. The Supreme Court dismissed two of Berglowe's claims with prejudice, because he failed to raise them in his first state habeas petition. The Supreme Court dismissed Berglowe's remaining claims "without prejudice to the petitioner's right to file a subsequent petition." Berglowe filed a second-tier petition for appeal to the Supreme Court of Virginia on April 11, 2005. This direct appeal is still pending. Berglowe signed the instant petition on January 18, 2005.

## Discussion

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims in the highest state court with jurisdiction to consider the claims. In Virginia, a non-death row inmate can

2

exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Virginia Court of Appeals, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code § 8.01-654. Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them. See O'Sullivan v. Boerckel, 526 U.S. 828, 845 (1999).

In this case, it is undisputed that Berglowe's petition contains both exhausted and unexhausted claims. Pursuant to the Supreme Court's decision in Rose v. Lundy, 455 U.S. 509 (1982), such "mixed petitions" must be dismissed without prejudice. Id. at 522. While Berglowe argues that the exhaustion requirement should be excused because of delays in the adjudication of his direct appeal, the court disagrees. The exhaustion requirement may only be excused in unusual or extraordinary circumstances. See Granberry v. Greer, 481 U.S. 129, 134 (1983); Brown v. Fogel, 387 F.2d 692, 695 (4th Cir. 1967). Having reviewed the record, the court concludes that it does not "reveal that quality of delay, harassment, bad faith or other intentional activity which, in an appropriate situation, might constitute an 'extraordinary circumstance' justifying pre-exhaustion federal habeas relief." Moore v. DeYoung, 515 F.2d 437, 443 (3rd Cir.

3

1975). Accordingly, the court will dismiss Berglowe's petition without prejudice.*

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and the accompanying Order to the petitioner and counsel of record for the respondent.

**ENTER:** This 19th day of August, 2005.

                                                */s/ [signature]*
                                              United States District Judge

---

* The petitioner has the option of exhausting his claims in state court or "resubmitting the habeas petition to present only exhausted claims" to this court. Rose v. Lundy, 455 U.S. at 510. However, the petitioner is advised that if he chooses to resubmit a petition that includes only his exhausted claims, he may be barred from filing another § 2254 petition after he has fully exhausted his state court remedies. Pursuant to 28 U.S.C. § 2244(b), this court may consider a second or successive § 2254 petition only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria.